**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WENDY LADOUX, <br><br>      Plaintiff, <br><br>   v. <br><br> JPMORGAN CHASE BANK, N.A. D/B/A CHASE BANK, <br><br>      Defendant. | Civil Action No. 25-1014 (JXN)(JBC) <br><br><br> **OPINION** |

**NEALS**, District Judge

Plaintiff Wendy LaDoux ("Plaintiff") sued her credit card issuer, JPMorgan Chase Bank, N.A. d/b/a Chase Bank ("Chase"), under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1661, for refusing to reverse allegedly fraudulent charges. Before the Court is Chase's motion to dismiss the Complaint under Federal Rule of Civil Procedure[1] 12(b)(6). (ECF No. 9.) Plaintiff opposed (ECF No. 12), and Chase replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Chase's motion to dismiss is **GRANTED**.

I.   **BACKGROUND**

  A.   **Statement of Facts**

Plaintiff had a credit card with Chase, a bank. (Compl. ¶¶ 1–3, ECF No. 1-1.) In late February 2024, various companies charged over twenty transactions to Plaintiff's credit card ("Allegedly Fraudulent Charges"). (*Id.* ¶ 4.) These charges, which Plaintiff alleges she did not make or authorize, totaled approximately $17,000. (*Id.*) Plaintiff claims she reported the Allegedly

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Fraudulent Charges to Chase (*Id.* ¶ 5), and Chase responded in a March 9, 2024 letter (*Id.* ¶ 6; *see also* Def.'s Ex. 1 ("Mar. 9 Letter"), ECF No. 9-3[2]). In the letter, among other things, Chase informed Plaintiff that the bank closed her credit account. (*See* Mar. 9 Letter.) Chase then issued Plaintiff a new credit card and put temporary credits on Plaintiff's account for the alleged "unauthorized transactions." (*Id.*) On April 3, 2024, Chase informed Plaintiff it "completed [its] review" of the Allegedly Fraudulent Charges. (*See* Def.'s Ex. 2 ("Apr. 3 Letter"), ECF No. 9-3 at *6–7.[3]) Chase concluded that Plaintiff was responsible for all the Allegedly Fraudulent Transactions because she "received benefit from [each] transaction." (*Id.*)

Plaintiff disputed the charges again, and Chase responded on April 12, 2024. (Def.'s Ex. 3 ("Apr. 12 Letter"), ECF No. 9-3 at *9–10.) Chase closed Plaintiff's account, issued Plaintiff another new credit card, and again temporarily credited the Allegedly Fraudulent Charges. (*Id.*) The following month, Chase's Fraud Department wrote to Plaintiff, stating:

> You asked us to review our previous findings for your fraud claim on the credit card account above. We appreciate your patience while we completed our review.
>
> Here are our findings
> - Our latest review confirms the previous finding that the transaction is valid.
> - The transaction will remain as part of your account balance. You're responsible for paying the amounts on your account in accordance with the terms of your Cardmember Agreement
>
> We closed this fraud claim and assure you that we researched it thoroughly.
>
> If the account is in your consumer report, we have notified the consumer reporting agencies that you disagree with the resolution. Once we provide them with an update, we can't guarantee they are reporting it accurately or promptly.

---

[2] In deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider any "document integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). The letters from Chase to Plaintiff are integral to the Complaint, because they form the basis for Plaintiff's FCBA claim.

[3] Pincites preceded by an asterisk (*) reflect ECF pagination.

(Def.'s Ex. 4 ("May 9 Letter"), ECF No. 9-3 at *12.) Plaintiff requested the Fraud Department review the Allegedly Fraudulent Charges again.

According to Plaintiff, Chase advised that Plaintiff would have to submit a police report for Chase to reverse the Allegedly Fraudulent Charges. (Compl. ¶ 10.) Plaintiff alleges she did so. (*Id.*) Yet on June 6, 2024, Chase's Fraud Department advised Plaintiff the bank determined that the Allegedly Fraudulent Charges were valid. (Def.'s Ex. 5 ("June 6 Letter"), ECF No. 9-3 at *14.) The Fraud Department stated:

> Thank you for your patience while we review your fraud claim on your credit card account, as you requested. We confirmed that the transaction(s) is valid.
>
> **Here's the resolution**
>
> - Our latest review confirms the previous finding that the transaction is valid.
> - The transaction will remain as part of your account balance. You're responsible for paying the amounts on your account in accordance with the terms of your Cardmember Agreement.
>
> We assure you we researched your fraud claim thoroughly. We closed this fraud claim and won't respond to additional requests for additional review unless you provide additional information.

(*Id.*) Later that month, Plaintiff again requested that Chase review the Allegedly Fraudulent Charges; Chase again found them valid. (Def.'s Ex. 6 ("June 26 Letter"), ECF No. 9-3 at *16.)

After Plaintiff requested that Chase review the Allegedly Fraudulent Charges again, Chase wrote to Plaintiff one final time on August 6, 2024. (Def.'s Ex. 7 ("Aug. 6 Letter"), ECF No. 9-3 at *18.) Chase stated:

> Thank you for notifying us that you do not agree with our decision to hold you liable for your fraud claim on the credit card account above. We have completed an additional review on the fraud claim and are unable to change our decision or continue to respond unless we receive new information that could affect our decision.
>
> Our records show we responded in writing to your previous concerns on the following dates:

1. May 09, 2024
2. June 06, 2024
3. June 26, 2024

**Here's our resolution**
- Our latest review confirms the previous findings that the transaction(s) is/are valid.
- The transaction(s) will remain as part of your account balance. You're responsible for paying the amounts on your account in accordance with the terms of your Cardmember Agreement.
- We closed this fraud claim and won't respond to requests for additional reviews unless you provide new information.
- We consider our position to be reasonable, accurate and final.

(*Id.*) Plaintiff alleges Chase has not explained how it determined that over twenty suspicious transactions in a four-day span were valid. (Compl. ¶ 12.) Plaintiff claims Chase continues to charge interest for the Allegedly Fraudulent Charges. (*Id.* ¶ 13.)

### B. Procedural History

On December 31, 2024, Plaintiff sued Chase in New Jersey state court. (*See generally* Notice of Removal, ECF No. 1.) Plaintiff alleges Chase violated the FCBA by refusing to reverse the Allegedly Fraudulent Charges.[4] (Compl. ¶ 17.) Chase timely removed to this Court (*see* Notice of Removal), and later moved to dismiss (*see* Mot. to Dismiss, ECF No. 9). Plaintiff opposed (Pl.'s Opp'n, ECF No. 12), and Chase replied (Def.'s Reply, ECF No. 13).

### II. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

---

[4] The Complaint includes two "counts." (*See* Compl.) The first count alleges Chase's refusal to reverse the Allegedly Fraudulent Charges violated the FCBA. The second count requests that, if Chase lodged a negative credit rating against Plaintiff, that Chase retract the rating. (*Id.*)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*)

The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III.    <u>DISCUSSION</u>

### A.    **Plaintiff Does Not Allege She Provided Timely Written Notice to Chase**

The purpose of the FCBA is to protect consumers against inaccurate and unfair credit billing and credit card practices. *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 433 (3d. Cir. 2018). The FCBA, accordingly, "requires creditors to investigate and correct billing errors." *Rahman v. Citibank, N.A.*, No. 25-186, 2025 WL 2611916, at *2 (D.N.J. Sept. 10, 2025) (quoting *Alves v. Verizon*, No. 08-3196, 2010 WL 2989988, at *7 (D.N.J. July 27, 2010)). To state an FCBA claim, the consumer must demonstrate (1) the existence of a billing error; (2) Plaintiff's timely written notification of the billing error; and (3) failure of the card issuer to comply with the procedural requirements of § 1666. *Id.* at *3.

Billing errors include "the failure to send a statement, the appearance of an error (such as, presence of charge, absence of credit, miscalculation) on a statement, and the receipt of a statement reflecting a charge about which the cardholder requests additional information." *Conti v. Bank of Am.*, No. 22-6615, 2024 WL 4986701, at *3 (D.N.J. Dec. 5, 2024) (citing 15 U.S.C. § 1666(b)).

The consumer must submit written notice of the billing error within sixty days of receiving the statement containing the alleged error. 15 U.S.C. § 1666(a). "Notice of a consumer's billing error under the FCBA must be submitted to a creditor in writing to a specific address identified by the creditor." *McIntosh v. Cap. One Bank (USA), N.A.*, No. 23-3144, 2024 WL 3964234, at *2 (D.N.J. Aug. 28, 2024). "It cannot be submitted any other way." *Id.* That includes "disputing a billing error orally over the phone." *Id.* The notice must:

> (1) set forth or otherwise enable the creditor to identify the name and account number of the consumer; (2) indicate the consumer's belief that a billing error has occurred and the amount of the billing error; and (3) set forth the reasons that the consumer believes that the billing statement contains an error.

*Id.* (quoting 15 U.S.C. § 1666(a)(1)–(3)). "Only if a consumer complies with the FCBA's procedural notice requirements are the creditor's obligations triggered." *Gregor v. TD Bank, N.A.*, No. 21-5255, 2021 WL 4490251, at *4 (D.N.J. Oct. 1, 2021).

Here, Plaintiff claims she reported the Allegedly Fraudulent Charges to Chase. (Compl. ¶ 5.) But she does not allege the notice was (1) timely, (2) in writing, or (3) adequate under the FCBA. Because Plaintiff failed to adequately allege she provided timely written notice to Chase, she cannot establish that she triggered Chase's FCBA obligations. Consequently, Plaintiff fails to state an FCBA claim upon which relief may be granted. *See Gregor*, 2021 WL 4490251, at *5 (dismissing FCBA claim without prejudice where complaint "fails to allege that the Plaintiffs complied with the specific written notice requirements stated in both the FCBA."); *Dimedio v.*

*HSBC Bank*, No. 08-5521, 2009 WL 2413669, at *2 (D.N.J. Aug. 4, 2009) (dismissing FCBA claim where plaintiff did not allege "he provided written notice to Defendant.").

### B.    Chase Complied With its FCBA Obligations

Upon receiving adequate and timely written notice from a consumer, the FCBA imposes two procedural requirements on creditors. First, "within 30 days of receiving that written notice, it must acknowledge receipt to the consumer in writing." *Krieger*, 890 F.3d at 433 (quoting 15 U.S.C. § 1666(a)(3)(A)). Second, within two billing cycles, and "in no event later than ninety days" after the consumer files their written dispute, the creditor must either: (1) "'make appropriate corrections' to the consumer's account," or (2) "'conduct an investigation' into the dispute and 'send a written explanation' to the consumer 'setting forth to the extent applicable the reasons why the creditor believes the account . . . was correctly shown in the statement.'" *Id.* at 433–34 (cleaned up) (quoting 15 U.S.C. § 1666(a)(3)(B)(i)–(ii)). The creditor must take these steps "before making any attempt to collect the disputed amount." *Id.* at 434 (quoting *Am. Express Co. v. Koerner*, 452 U.S. 233, 237 (1981)). After a creditor fulfills those two obligations, it has "no further responsibility under [the FCBA] if the [consumer] continues to make substantially the same allegation with respect to such error." 15 U.S.C. § 1666(a)(3)(B)(ii).

Here, it appears Chase complied with § 1666's procedural requirements. To start, the Complaint does not allege Chase failed to acknowledge Plaintiff's notice within thirty days.[5] (*See* Compl.) Nor does the Complaint allege that Chase failed to either correct the account or investigate

---

[5] Plaintiff claims, for the first time in its opposition brief, that Chase failed to timely acknowledge a dispute related to seven allegedly fraudulent charges posted to Plaintiff's account in late March 2024. (Opp'n at 10.) Allegations relating to those charges appear nowhere in the Complaint. (*See* Compl. ¶ 4.) Instead, the Complaint centers on charges made in late *February*. (*Id.*) Plaintiff cannot use her opposition brief to amend the Complaint. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)). Accordingly, the Court disregards the new allegations raised in Plaintiff's opposition brief.

within two billing cycles or ninety days. (*See id.*) Indeed, the Complaint expressly alleges Chase investigated the dispute. (*Id.* ¶ 8.)

Rather, Plaintiff alleges Chase violated the FCBA because it "refus[ed] to reverse the Fraudulent Charges." (*See id.* ¶ 17.) But the FCBA requires only that the creditor correct or investigate the charges; no more, no less. 18 U.S.C. § 1666(a)(3). The statute "establishes only the procedural framework for dispute resolution, and does not concern itself with the substantive outcome of this process." *Conti*, 2024 WL 4986701, at *6 (quoting *Burnstein v. Saks Fifth Ave. & Co.*, 208 F. Supp. 2d 765, 775 (E.D. Mich. 2002)). Plaintiff's disagreement with the results of Chase's investigation is beyond the scope of the FCBA and "do[es] not suggest a failure to comply with Section 1666's procedural requirements." *Piller v. JPMorgan Chase Bank*, No. 20-2248, 2020 WL 8186165, at *3 (D.N.J. Oct. 23, 2020). Consequently, the Court **dismisses** the Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Chase's motion to dismiss (ECF No. 9) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. Plaintiff shall have thirty (30) days from the date of this Opinion to file an amended pleading addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED:** 3/9/2026

JULIEN XAVIER NEALS
United States District Judge

8